EXHIBIT B

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.    CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

<u>Willie Mae Jackson</u>
Plaintiff                                         Case # _____

                                                  Judge  _____

vs.

<u>Alto Experience, Inc., Alto Operations Florida, LLC</u>
Defendant

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☒  over $100,000.00

### III.    TYPE OF CASE      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
      ☐ Business governance
      ☐ Business torts
      ☐ Environmental/Toxic tort
      ☐ Third party indemnification
      ☐ Construction defect
      ☐ Mass tort
      ☐ Negligent security
      ☐ Nursing home negligence
      ☐ Premises liability—commercial
      ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
      ☐ Commercial foreclosure
      ☐ Homestead residential foreclosure
      ☐ Non-homestead residential foreclosure
      ☐ Other real property actions

☐ Professional malpractice
      ☐ Malpractice—business
      ☐ Malpractice—medical
      ☐ Malpractice—other professional
☒ Other
      ☐ Antitrust/Trade regulation
      ☐ Business transactions
      ☐ Constitutional challenge—statute or ordinance
      ☐ Constitutional challenge—proposed amendment
      ☐ Corporate trusts
      ☒ Discrimination—employment or other
      ☐ Insurance claims
      ☐ Intellectual property
      ☐ Libel/Slander
      ☐ Shareholder derivative action
      ☐ Securities litigation
      ☐ Trade secrets
      ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**     **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.**     **NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

   2

**VI.**     **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.**     **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.**     **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.**     **DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Bryan Arbeit</u>           Fla. Bar #
           Attorney or party                  (Bar # if attorney)

<u>Bryan Arbeit   </u>           <u>05/11/2023</u>
  (type or print name)             Date

## IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
## IN AND FOR DADE COUNTY, FLORIDA
## CIVIL DIVISION

WILLIE MAE JACKSON,

                Plaintiff,

    v.

ALTO EXPERIENCE, INC. and
ALTO OPERATIONS FLORIDA, LLC

          Defendants.

_____/

Case No.

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff, WILLIE MAE JACKSON ("Plaintiff" or "Ms. Jackson"), through undersigned counsel, files this Complaint and Demand for Jury Trial against Defendants, ALTO EXPERIENCE, INC. ("Alto Experience") and ALTO OPERATIONS FLORIDA, LLC ("Alto Operations") (collectively, "Defendants" or "Alto"), and alleges as follows:

## INTRODUCTION

This is an action for disability discrimination and failure to provide a reasonable accommodation under the Florida Civil Rights Act ("FCRA") and the Miami-Dade Human Rights Ordinance ("MDHRO"). Specifically, Ms. Jackson was denied employment because she wears a hearing aid and was unable to wear the standard in-the-ear Alto headset while driving. Ms. Jackson suffered significant emotional distress as a result of the discrimination that resulted in stroke.

## JURISDICTION AND PARTIES

1.     This is a cause of action for damages in excess of Fifty Thousand ($50,000.00) dollars.

1

2.     Plaintiff, Willie Mae Jackson, is a resident of Miami-Dade County and former employee of Defendants.

3.     Defendant, Alto Experience, Inc., is a foreign corporation with its principal place of business located at 900 Dragon Street, Suite 100, Dallas, TX 75207. At all times relevant herein, Defendant Alto Experience, Inc. was, and is, an "employer" as defined by the FCRA and MDHRO.

4.     Defendant, Alto Operations Florida, LLC is a limited liability company registered with the State of Florida with its principal place of business located at 900 Dragon Street, Suite 100, Dallas, TX 75207. Alto Experience, Inc. is the sole authorized member of Alto Operations, LLC.

5.     At all times relevant herein, Defendant Alto Operations Florida, LLC, was, and is, an "employer" as defined by the FCRA and MDHRO.

6.     At all times relevant herein, Defendants Alto Experience, Inc. and Alto Operations Florida, LLC regularly conducted business in Miami, FL through its driving service and the events giving rise to this action occurred in Miami, FL.

7.     As detailed below, Defendants Alto Experience, Inc. and Alto Operations Florida, LLC, are a single employer/integrated enterprise under the FCRA and the MDHRO.

### ADMINISTRATIVE PREREQUISITES

8.     On February 28, 2022, Plaintiff filed a Charge of Discrimination with the Florida Commission on Human Relations ("FCHR") and the Miami-Dade Commission on Human Rights, alleging unlawful disability discrimination and failure to provide a reasonable accommodation.

9.     Pursuant to FCRA § 760.11(8), more than 180 days have passed without there being a determination by the FCHR on whether reasonable cause exists.

10.     On April 12, 2023, the Miami-Dade Commission on Human Rights issued a Notice of Right to Sue pursuant to the MDHRO.

11.     All conditions precedent have been satisfied and/or waived.

## STATEMENT OF FACTS

20.     Ms. Jackson has a hearing impairment and has worn a hearing aid in her left ear for as long as she can remember.

21.     Ms. Jackson has over twenty years of experience as a passenger transportation driver.

22.     Ms. Jackson has a clean driving record and has worked for companies such as Allied Medical Transport, First Transit, and AAA Transportation.

23.     On January 19, 2022, Ms. Jackson was hired by Alto Operations Florida, LLC ("Alto"), as a full-time driver for Alto's rideshare service.

24.     On January 28, 2022, Ms. Jackson reported to the Park N' Fly in Miami for her drive-along, a required in-car training for new-hire drivers, which was scheduled to take place from 1:15 p.m. to 6:30 p.m.

25.     In addition to Ms. Jackson, one other new hire was scheduled to, and did, participate in the drive-along.

26.     During Ms. Jackson's ride-along, supervisor and Assistant General Manager, Abraham Oveisi, noticed Ms. Jackson was unable to put the company's in-the-ear headset in her left ear because of she was wearing a hearing aid.

27.     The headset connects to the Alto device and allows the driver to communicate with dispatch during the workday.

3

28.     Mr. Oveisi told Ms. Jackson that Alto would not be able to keep her on as a driver if she could not wear the Alto headset.

29.     Ms. Jackson explained to Mr. Oveisi that her hearing aids are Bluetooth capable and, as in her prior positions as a passenger transportation driver, she could simply pair her hearing aids with the company phone.

30.     Mr. Oveisi told Ms. Jackson he would speak with his manager about what to do about the headset.

31.     At approximately 3:00 p.m., Mr. Oveisi, Ms. Jackson, and the other trainee returned to Park N' Fly for a break.

32.     Mr. Oveisi separated Ms. Jackson from the other trainee and told her that she could not drive for Alto because she could not wear the company headset.

33.     Ms. Oveisi sent Ms. Jackson home.

34.     Following her conversation with Mr. Oveisi, Ms. Jackson returned to her car and broke down in tears because it was the first time she had been treated differently because of her hearing impairment and need to wear a hearing aid.

35.     Ms. Jackson cried her entire drive home.

36.     Less than one hour later, Ms. Jackson received an email from "Team Alto" stating, "[a]s discussed with our managers, we've decided at this time to not proceed with your training," and advising her to "look for official documentation from our HR team within 72 hours."

37.     To date, Ms. Jackson has not received any documentation from Alto's HR team.

38.     In the week following her termination, Ms. Jackson was so emotionally depressed that she could not sleep.  She felt useless, discouraged, and sad because of her disability, which was a feeling she had never experienced before.

4

39.     On February 3, 2022, less than one week after her dismissal from the drive-along, Ms. Jackson suffered a stroke because the acute stress and was admitted to the hospital.

**Single Employer/Integrated Enterprise**

48.     Defendants are highly integrated with respect to ownership and operations such that they are a single employer or integrated enterprise.

49.     In its Domestic Filing documents, Defendant, Alto Operations, identifies Defendant, Alto Experience, as the sole "person" authorized to manage and control the company.

50.     The principal office address and mailing address used by Defendant, Alto Operations, is the same address as Defendant, Alto Experience.

51.     Defendants' employees utilize the same @ridealto.com email address.

52.     Defendants jointly exerted control over Plaintiff's employment, and determined the material terms and conditions governing Plaintiff's employment.

53.     Defendants had the power to hire, fire, and modify the terms and conditions of Plaintiff's employment.

54.     Defendants jointly exercised the power to determine Plaintiff's rate of pay and method of payment.

55.     Defendants jointly possessed the authority to set Plaintiff's schedule, and used the Paycor app for scheduling, company announcements, company resources, payroll and time off requests.

56.     Defendants had a property interest in, and oversaw the Operations Center ("Depot Fulfillment Center") used, to distribute market products to Alto drivers.

57.     Defendants set the policies, procedures, and standards governing drivers of the Alto fleet to ensure uniform performance and consistent passenger experience in every location in which Alto operates.

58.     Defendants jointly invested in the equipment (e.g., cars and headsets) used to perform Defendants' services, and the staging locations designated for employees to report to work and wait for "anticipated missions."

59.     The training videos assigned to Plaintiff were sent via email, the subject of which was "What to expect on your first day with Alto! Video Lessons assigned!" and were accessible through a general "Alto" training portal link included in the email.

60.     The standard In-Car Training Guide provided to Ms. Jackson refers to "Alto," "Team Alto," and "Alto HR," without distinguishing between the Defendant entities.

61.     Defendants' training guide directs recipients to contact Alto HR at HR@RideAlto.com for HR-related matters.

62.     Ms. Jackson's termination was communicated via email from "Team Alto."

**FIRST CAUSE OF ACTION**
**(Disability Discrimination/Failure to Accommodate in Violation of the FCRA)**
***Against All Defendants***

63.     Plaintiff repeats, reiterates, and re-alleges the factual allegations set forth in Paragraphs 20-62, as though fully set forth herein.

64.     Plaintiff has a hearing impairment/disability that requires her to wear a hearing aid, Defendants perceived her to have a disability, and she has the requisite experience to perform the essential functions of the position for which she was hired.

65.     Defendants meet the definition of "employer" under the FCRA.

66.     Plaintiff was a qualified employee.

67.     With actual knowledge of Plaintiff's disability and need for a reasonable accommodation, Defendants terminated Plaintiff, because of her disability and need for reasonable accommodation.

68.     With respect to Plaintiff's employment, Defendants wrongfully discriminated against Plaintiff; failed to accommodate Plaintiff; failed to engage in good faith in the interactive process with Plaintiff; and terminated Plaintiff on the basis of her disability, in violation of FCRA.

69.     The conduct of Defendants and their agents and employees proximately, directly, and foreseeably, injured Plaintiff, including but not limited to, lost wages, medical expenses, emotional pain and suffering, and other non-pecuniary losses.

70.     The conduct of Defendants was so willful and wanton and in such reckless disregard of the statutory rights of Plaintiff so as to entitle her to an award of punitive damages against Defendants, to deter them, and others, from such conduct in the future.

71.     Plaintiff is entitled to her attorneys' fees and costs incurred in this matter.

### SECOND CAUSE OF ACTION
**(Disability Discrimination/Failure to Accommodate in Violation of the MDHRO)**
*Against All Defendants*

72.     Plaintiff repeats, reiterates, and re-alleges the factual allegations set forth in Paragraphs 20-62, as though fully set forth herein.

73.     Plaintiff has a hearing impairment that requires her to wear a hearing aid, Defendants perceived her to have a disability, and she has the requisite experience to perform the essential functions of the position for which she was hired.

74.     Defendants meet the definition of "employer" under the MDHRO.

75.     Plaintiff was a qualified employee.

76.     With actual knowledge of Plaintiff's disability and need for a reasonable accommodation, Defendants terminated Plaintiff, because of her disability and need for reasonable accommodation.

77.     With respect to Plaintiff's employment, Defendants wrongfully discriminated against Plaintiff; failed to accommodate Plaintiff; failed to engage in good faith in the interactive process with Plaintiff; and terminated Plaintiff on the basis of her disability, in violation of MDHRO.

78.     The conduct of Defendants and their agents and employees proximately, directly, and foreseeably, injured Plaintiff, including but not limited to, lost wages, medical expenses, emotional pain and suffering, and other non-pecuniary losses.

79.     The conduct of Defendants was so willful and wanton and in such reckless disregard of the statutory rights of Plaintiff so as to entitle her to an award of punitive damages against Defendants, to deter them, and others, from such conduct in the future.

80.     Plaintiff is entitled to her attorneys' fees and costs incurred in this matter.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court enter judgment in her favor and against Defendants, containing the following relief:

A.     An injunction and order permanently restraining Defendants and their partners, officers, owners, agents, successors, employees and/or representatives, and any and all persons acting in concert with them, from engaging in any such further unlawful conduct, including the policies and practices complained of herein;

B.     An award of damages against Defendants, in an amount to be determined at trial, plus pre-judgment interest, to compensate Plaintiff for all monetary and/or economic damages,

including, but not limited to, an award of back pay and loss of benefits through the date of trial, front pay and future loss of benefits if the equitable remedies of employment, reinstatement and promotion are not feasible, and costs of medical treatment caused by the discrimination;

C.      An award of damages against Defendants, in an amount to be determined at trial, to compensate Plaintiff for all non-pecuniary losses, including, but not limited to, emotional distress and the physical manifestations of emotional distress;

D.      An award of punitive damages in an amount to be determined at trial;

E.      An award of pre-judgment and post-judgment interest (where allowable);

F.      An award of Plaintiff's reasonable attorneys' fees and costs; and,

G.      An order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Dated: May 11, 2023

Respectfully submitted,

**MORGAN & MORGAN, P.A.**

By: _____
       Bryan Arbeit, Bar No. 1010329
       Allison Rattet, Bar No. 1023573

8151 Peters Rd, 4th Fl.
Plantation, FL 33324
Tel: (954) 694-9610
barbeit@forthepeople.com
arattet@forthepeople.com

*Attorneys for Plaintiff*

9

**IN THE CIRCUIT COURT OF THE ELEVANTH JUDICIAL CIRCUIT**
**IN AND FOR MIAMI-DADE COUNTY, FLORIDA**
**CIVIL DIVISION**

WILLIE MAE JACKSON,

      Plaintiff,

vs.                               **Case No.:** 2023-016610-CA-01

ALTO EXPERIENCE INC. and
ALTO OPERATIONS FLORIDA, LLC,

      Defendants.

_____ /

## **SUMMONS**

**THE STATE OF FLORIDA:**

To all and singular Sheriffs of said state:

      **YOU ARE HEREBY COMMANDED** to serve this Summons and a copy of the Complaint, Interrogatories, and Request for Production in the above-styled cause upon the Defendant:

**ALTO EXPERIENCE, INC.**
**900 Dragon Street, Suite 100**
**Dallas, TX 75207**

      Each Defendant is hereby required to serve written defenses to said Complaint on:

                        Bryan Arbeit
                        **Morgan & Morgan, P.A.**
                        8151 Peters Road, Suite 4000
                        Plantation, FL 33324
                        Phone: (954) 694-9610
                        Fascimile: (954) 694-9695
                        Email: barbeit@forthepeople.com
                        *Attorneys for Plaintiff*

within *twenty (20) days* after service of this Summons upon you, exclusive of the day of service, and to file the original of said written defenses with the Clerk of said Court either before service on Plaintiff's attorney or immediately thereafter.  If you fail to do so, a default will be entered against you for the relief demanded in the Complaint.

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Miami-Dade County Court's ADA Coordinator at Lawson E. Thomas Courthouse Center, 175 N.W. 1st Ave., Suite 2702, Miami, FL 33128, telephone numbers (305) 349-7175 for voice or (305) 349-7174 for TDD and (305) 349-7355 for fax, within two (2) working days of your receipt of this Summons; if you are hearing or voice impaired, call 711 for the Florida Relay Service.

5/23/2023

**WITNESS** my hand and the seal of this Court on this the _____ day of _____, 2023.

Luis G. Montaldo,
CLERK AD INTERIM

**CLERK OF THE CIRCUIT COURT**

219669

By: _____
as Deputy Clerk

**IMPORTANTE**

Usted ha sido demandado legalmente.  Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.  Una llamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su repuesta por escrito, incluyendo el numero del caso y las numbres de las partes interesadas en dicho caso.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado immediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su centa, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted inviar por correo o entregar una copia de su respuesta a la persona denuminada abajo como "Plaintiff/Plaintiff's Attorney."  (Demandate o Abogado del Demandadante).

"De acuerdo con el Acto o' Decreto de los Americanos con Impedimentos Inhabilitados, personas en necesidad del servicio especial para particpar en estee procedimiento deberan, dentro de un tiempo razonable, antes de cualquier procedimiento, ponerse en un tiempo razonable, antes de cualquier procedimiento, ponerse en contacto con la oficina Administrativa de la Corte, Telefono (TDD) 1-800-955-8771 o (V) 1-800-955-8770, via Florida Relay System."

2

## IMPORTANT

Des poursuites judiciaries ont ete entreprises contre vous.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cet'te citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce Tribunal.  Un simple coup de telephone est insuffisant pour vous proteger' vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause.  Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du Tribunal.  Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une response ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

En accordance avec la Loi des "Americans With Disabilities".  Les personnes en besoin d'une accomodation speciale pour participer a ces procedures doivent, dans un temps raisonable, avant d'entreprendre aucune autre demarche, contracter l'office administrative de la Court situe au le telephone ou Telefono (TDD) 1-800-955-8771 ou (V) 1-800-955-8770, via Florida Relay System."

**Morgan & Morgan, P.A.**
**8151 Peters Road, Suite 4000**
**Plantation, FL 33324**

Filing # 173264317 E-Filed 05/16/2023 01:48:26 PM

**IN THE CIRCUIT COURT OF THE ELEVANTH JUDICIAL CIRCUIT**
**IN AND FOR MIAMI-DADE COUNTY, FLORIDA**
**CIVIL DIVISION**

WILLIE MAE JACKSON,

      Plaintiff,

vs.                                                              **Case No.:** 2023-016610-CA-01

ALTO EXPERIENCE INC. and
ALTO OPERATIONS FLORIDA, LLC,

      Defendants.

_____/

**<u>SUMMONS</u>**

**THE STATE OF FLORIDA:**

To all and singular Sheriffs of said state:

      **YOU ARE HEREBY COMMANDED** to serve this Summons and a copy of the Complaint, Interrogatories, and Request for Production in the above-styled cause upon the Defendant:

**ALTO OPERATIONS FLORIDA, LLC.**
**900 Dragon Street, Suite 100**
**Dallas, TX 75207**

      Each Defendant is hereby required to serve written defenses to said Complaint on:

                         Bryan Arbeit
                         **Morgan & Morgan, P.A.**
                         8151 Peters Road, Suite 4000
                         Plantation, FL 33324
                         Phone: (954) 694-9610
                         Fascimile: (954) 694-9695
                         Email: barbeit@forthepeople.com
                         *Attorneys for Plaintiff*

within *twenty (20) days* after service of this Summons upon you, exclusive of the day of service, and to file the original of said written defenses with the Clerk of said Court either before service on Plaintiff's attorney or immediately thereafter.  If you fail to do so, a default will be entered against you for the relief demanded in the Complaint.

1

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Miami-Dade County Court's ADA Coordinator at Lawson E. Thomas Courthouse Center, 175 N.W. 1st Ave., Suite 2702, Miami, FL 33128, telephone numbers (305) 349-7175 for voice or (305) 349-7174 for TDD and (305) 349-7355 for fax, within two (2) working days of your receipt of this Summons; if you are hearing or voice impaired, call 711 for the Florida Relay Service.

**WITNESS** my hand and the seal of this Court on this the _____ day of _____5/23/2023_____, 2023.

Luis G. Montaldo,
CLERK AD INTERIM

**CLERK OF THE CIRCUIT COURT**

307965

By: _____

as Deputy Clerk

**IMPORTANTE**

Usted ha sido demandado legalmente.  Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.  Una llamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su repuesta por escrito, incluyendo el numero del caso y los numbres de las partes interesadas en dicho caso.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado immediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su centa, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted inviar por correo o entregar una copia de su respuesta a la persona denuminada abajo como "Plaintiff/Plaintiff's Attorney."  (Demandate o Abogado del Demandadante).

"De acuerdo con el Acto o' Decreto de los Americanos con Impedimentos Inhabilitados, personas en necesidad del servicio especial para particpar en estee procedimiento deberan, dentro de un tiempo razonable, antes de cualquier procedimiento, ponerse en un tiempo razonable, antes de cualquier procedimiento, ponerse en contacto con la oficina Administrativa de la Corte, Telefono (TDD) 1-800-955-8771 o (V) 1-800-955-8770, via Florida Relay System."

## IMPORTANT

Des poursuites judiciaries ont ete entreprises contre vous.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cet'te citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce Tribunal.  Un simple coup de telephone est insuffisant pour vous proteger' vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause.  Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du Tribunal.  Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une response ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

En accordance avec la Loi des "Americans With Disabilities".  Les personnes en besoin d'une accomodation speciale pour participer a ces procedures doivent, dans un temps raisonable, avant d'entreprendre aucune autre demarche, contracter l'office administrative de la Court situe au le telephone ou Telefono (TDD) 1-800-955-8771 ou (V) 1-800-955-8770, via Florida Relay System."

**Morgan & Morgan, P.A.**
**8151 Peters Road, Suite 4000**
**Plantation, FL 33324**

## IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
## IN AND FOR DADE COUNTY, FLORIDA
## CIVIL DIVISION

WILLIE MAE JACKSON,

      Plaintiff,

vs.

                                         **Case No.**: 2023-016610-CA-01

ALTO EXPERIENCE, INC., a Texas
Corporation, and ALTO OPERATIONS
FLORIDA, LLC, a Florida Limited
Liability Company,

      Defendants.

_____/

## PLAINTIFF'S NOTICE OF SERVICE OF
## FIRST SET OF INTERROGATORIES DEFENDANTS, ALTO EXPERIENCE, INC.
## AND ALTO OPERATIONS FLORIDA, LLC

Comes now, Plaintiff, WILIE MAE JACKSON, by and through the undersigned attorney, and serves her First Set of Interrogatories, propounded to Defendants ALTO EXPERIENCE and ALTO OPERATIONS  FLORIDA, LLC, be answered within forty-five (45) days after service hereof, in writing, under oath.

Dated: May 24, 2023.

                                    ***/s/ Bryan Arbeit_____***
                                    **Bryan Arbeit, Esq.**
                                    Florida Bar No. 1010329
                                    Telephone: (954) 694-9610
                                    Facsimile: (954) 694-9695)
                                    Email: barbeit@forthepeople.com
                                    **Allison M. Rattet, Esq.**
                                    Florida Bar No. 1023573
                                    Telephone: (954) 807-7774
                                    Facsimile: (954) 807-7797
                                    Email: arattet@forthepeople.com
                                    **Morgan & Morgan, P.A.**
                                    8151 Peters Road, 4th Floor

1

Plantation, FL 33324
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished, via the Florida Courts E-Portal filing system in accordance with Rule 2.516, Florida Rules of Administration, this 24th day of May, 2023 and emailed to Mendy Halberstam, Jackson Lewis P.C One Biscayne Tower, Suite 3500, Two South Biscayne Boulevard, Miami, FL 33131, Mendy.Halberstam@jacksonlewis.com.

# IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
## IN AND FOR DADE COUNTY, FLORIDA
### CIVIL DIVISION

WILLIE MAE JACKSON,

      Plaintiff,

vs.                                **Case No.**: 2023-016610-CA-01

ALTO EXPERIENCE, INC., a Texas
Corporation, and ALTO OPERATIONS
FLORIDA, LLC, a Florida Limited
Liability Company,

      Defendants.

_____ /

## PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS
## TO DEFENDANTS, ALTO EXPERIENCE, INC. AND
## <u>ALTO OPERATIONS FLORIDA, LLC</u>

Plaintiff, WILLIE MAE JACKSON ("Plaintiff"), by and through her undersigned counsel, and pursuant to Rule 1.350 of the Florida Rules of Civil Procedure, propounds the following Requests for Production of Documents to Defendants, ALTO EXPERIENCE, INC. and ALTO OPERATIONS FLORIDA, LLC, to be answered in writing, under oath, and in accordance with the Florida Rules of Civil Procedure.

Dated: May 24, 2023.

                                     */s/ Bryan Arbeit*_____
                                     **Bryan Arbeit, Esq.**
                                     Florida Bar No. 1010329
                                     Telephone: (954) 694-9610
                                     Facsimile: (954) 694-9695
                                     Email: barbeit@forthepeople.com
                                     **Allison M. Rattet, Esq.**
                                     Florida Bar No. 1023573
                                     Telephone: (954) 807-7774
                                     Facsimile: (954) 807-7797
                                     Email: arattet@forthepeople.com

**Morgan & Morgan, P.A.**
8151 Peters Road, 4th Floor
Plantation, FL 33324
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished, via the Florida Courts E-Portal filing system in accordance with Rule 2.516, Florida Rules of Administration, this 24th day of May, 2023 and via to: Mendy Halberstam, Jackson Lewis P.C One Biscayne Tower, Suite 3500, Two South Biscayne Boulevard, Miami, FL 33131, Mendy.Halberstam@jacksonlewis.com.

## DEFINITIONS AND INSTRUCTIONS

The following definitions apply to these Requests:

1.      Your answers to the following Requests shall reflect and contain the knowledge of all persons referenced herein.

2.      The term "Plaintiff" refers to WILLIE MAE JACKSON, the Plaintiff in this action.

3.      The terms "you," "your," or "Defendants" shall collectively refer to ALTO EXPERIENCE, INC., ALTO OPERATIONS FLORIDA, LLC, the Defendants in this action, and their officers, directors, shareholders, servants, agents, employees, representatives, divisions, attorneys, and all other persons acting or purporting to act on their behalf.

4.      The term "person" means any individual, corporation, partnership, joint venture, trust, group, firm, association, body politic, government agency, unit, or other legal entity.

5.      The term Complaint refers to the Complaint filed on May 11, 2023.

6.      The term "document" or "documents" shall mean all written, graphic, Electronically, Stored Information ("ESI"), and audio or video recorded matter of every kind and description, however produced or reproduced, whether draft or final, original or reproduction, in the actual constructive possession, custody or control of Defendants,  and shall include, without limiting the generality of the foregoing, all letters, emails, instant messages, text messages, telegrams, telexes, teletypes, correspondence, contracts, drafts, agreements, notes to file, reports, memoranda, mechanical or electronic recordings or transcripts of such recordings, blueprints, flow sheets, calendar or diary entries, memoranda of telephone or persona conversations, memoranda of meetings or conferences, studies, reports, interoffice and intraoffice communications, quotations, offers, inquiries, bulletins, circulars, statements, manuals, summaries, newsletters, compilations, maps, charts, graphs, propositions, articles, announcements, newspaper clippings,

3

books, records, tables, books of account, ledgers, vouchers, canceled checks, invoices, bills, opinions, certificates, promissory notes and other evidence of indebtedness and all drafts and copies of documents as hereinabove defined by whatever means made. The term "document" shall also include all copies of each document if the copies contain any additional matter or are not identical copies of the originals.

7.    The word "identify," when used in reference to a *person*, means to state her or his:

    a.    Full name;

    b.    Present or last known home address;

    c.    Present or last known business address and telephone number;

    d.    Present or last known job title or business position; and

    e.    Job title or business position at the time in question.

8.    The word "identify," when used in reference to a document, shall mean to state with respect thereto:

    a.    The document type (e.g., letter, interoffice memo), subject matter, title, date, and the number of pages thereof;

    b.    Its form (e.g., whether paper or electronic);

    c.    The identity of each person who participated in its preparation;

    d.    The identity of the person who signed it or in whose name it was issued;

    e.    The identity of each person to whom it was addressed or distributed, or by whom it was reviewed or received;

    f.    The nature or substance of the document with sufficient particularity to enable it to be identified;

    g.    Its date, and if it bears no date, the date when it was prepared; and

    h.    The physical location of the document and the custodian or custodians thereof.

9.      The term "communication" refers to any transmission or exchange of information between two or more persons, of any kind, whether in the form of facts, ideas, opinions, inquiries or otherwise, and whether by oral, in written, electronic, or other means, or in any other manner at any time or place, and under any circumstances whatsoever.

10.     As used herein, "state" means:

    a.      To describe specifically all circumstances, events and conversations related to the subject matter of inquiry, including the date, place and names and addresses of those persons present;

    b.      To list all witnesses having knowledge of the subject matter of inquiry, including the name, present address, position and relation to Plaintiff or Defendant, for each witness; and

    c.      To list all documents relating to the subject matter of inquiry or in lieu thereof to attach copies of all such documents.

11.     These Requests are continuing in nature.  If at any point prior to trial of this action you obtain, directly or indirectly, additional information responsive to any of these Requests, you shall seasonably serve upon the undersigned amended and supplemental sworn written answers as required under the Florida Rules of Civil Procedure.

5

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.      Any documents, communications and/or ESI referred to, consulted in connection with, or containing information relating to, the answers to Plaintiff's Interrogatories, and any documents requested to be attached thereto.

2.      Any and all written job descriptions or any other documents related to Plaintiff's work duties and/or responsibilities throughout the duration of her employment.

3.      Plaintiff's personnel file(s), including but not limited to, Plaintiff's employment application, resume, acknowledgments of receipt of employment handbook, performance evaluations, written warnings, complaints, reprimands, leave requests, compensation and benefit information, training records, onboarding records, and any other documents related to or routinely kept in the ordinary course of her employment.

4.      All documents and/or ESI related to driver training, including, but not limited to, video lessons, training guides, and performance and safety metrics.

5.      All policies, procedures, and standards governing Alto drivers.

6.      All documents related to Ms. Jackson's drive-along training, including, but not limited to, all trip data generated from and stored in the Alto application, performance metrics, and all evaluations of Ms. Jackson's driving prepared during or following the drive-along.

7.      All documents and/or ESI related to Ms. Jackson's drive-along training, including, but not limited to, all trip data generated from and stored in the Alto application, performance metrics, and all evaluations of Ms. Jackson's driving prepared during or following the drive-along.

8.      All documents and/or ESI related to all drivers present during Ms. Jackson's drive-along training, including, but not limited to, all trip data generated from and stored in the Alto application, and evaluations of each individual's driving prepared during or following the drive-

along.

9.      All videotape and audiotape recordings and surveillance from the Park N' Fly on January 26, 2022.

10.      Any documents, communications and/or ESI discussing Plaintiff's job performance.

11.      Any documents, communications and/or ESI referencing Plaintiff's termination, including, but not limited to, any communications between Defendant's employees, officers, owners.

12.      Any documents, communications and/or ESI containing the word "headset" created between January 2020 and the present time.

13.      All documentation provided to Plaintiff by Defendants' Human Resources team, from January 2022 through the present time.

14.      All correspondence Defendant, including any of its employees, have/has sent or received which relate to the claims set forth in Plaintiff's Complaint, except those that are protected by the attorney-client privilege, in which case a privilege log should be produced.

15.      Any and all policies and procedures in effect throughout the duration of Plaintiff's employment, including, but not limited to, any and all employee handbooks, policy manuals, and/or standalone policies or procedures regarding equal employment opportunity, antidiscrimination, and requests for reasonable accommodation.

16.      Any documents, communications and/or ESI that relate or pertain to the allegations in the Complaint or the affirmative defenses thereto.

17.      Any documents consulted, relied upon or used in preparing or drafting the Answer in this action.

18.    All correspondence to or from Abraham Oveisi, Alto HR, and any current employee of Defendants, regarding or relating to Plaintiff or any allegation in the Complaint or defense thereto.

19.    Inspection of all devices maintained in Alto vehicles, including, but not limited to, devices connected to the Alto application, the Samsara device, and the Alto headset(s) distributed to drivers from January 2022 to the present.